UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL REED DORROUGH, | ) | 1:07-CV-01771 AWI SMS HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| | ) | |
| M. RUFF, et al., | ) | [Doc. #9] |
| | ) | |
| Respondents. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On December 6, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner alleges his continued confinement in the secured housing unit ("SHU") as an active prison gang member is in violation of his due process rights under the Constitution and Respondent's own rules and regulations.

On April 14, 2008, Respondent filed a motion to dismiss the petition for failure to state a cognizable federal claim for relief. Petitioner filed an opposition to Respondent's motion on May 8, 2008.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Respondent correctly argues that Petitioner has failed to state a cognizable federal claim. Petitioner complains that he has been placed in the SHU as a result of being validated as a member of the Black Guerilla Family ("BGF") prison gang. He asserts that prison officials have not complied with their own rules and regulations in making this determination, and he requests he be placed in general population. To the extent Petitioner claims a violation of state procedures and regulations, he fails to present a cognizable federal claim. See Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

To the extent Petitioner claims his due process rights were violated, Respondent correctly argues his claim must be dismissed. First, Petitioner does not complain that Respondent's determination has affected the length of his sentence. His continued retention in the SHU is a condition of his confinement and therefore not cognizable in a federal habeas action. See Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999) (Any deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement.); Wilkinson v. Dotson, 544 U.S. 74 (2005) (If a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then 42 U.S.C. § 1983, not habeas, is the appropriate vehicle.).

Second, even if Petitioner could present a federal claim, it is clear he was provided his minimum due process protections. While prisoners cannot be entirely deprived of their constitutional rights, their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in affecting the length of a prisoner's sentence, such as the loss of good time credits, due process requires that the prisoner

receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927). In this case, from Petitioner's own documentation it is clear he was provided his due process guarantees. He was provided with advance written notice, an opportunity to present evidence, and a written statement by the factfinder. In addition, there was at least some evidence supporting the decision. Numerous confidential informants identified Petitioner as a member and officer of the BGF prison gang. His name was located on a BGF prison gang roster. And, Petitioner bears a prominent BGF tattoo which he displayed on prior occasion as noted in a "CDCR-128B chrono" dated March 28, 2003. See Attachments to Petition. Thus, even if Petitioner could make out a federal claim, it would be entirely without merit.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED and the petition be DISMISSED WITH PREJUDICE for failure to state a claim cognizable under 28 U.S.C. § 2254.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to

1 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2 | IT IS SO ORDERED.

3 | **Dated:     May 31, 2008**                    /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE